UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

In Re: Demitric A. Martin )
      LaNita J. Martin )
)
) Case No: B-09-81446    C-13D
)
Debtor(s) )

ORDER ALLOWING SUBSTITUTION OF COLLATERAL AND ATTORNEY FEES

THIS MATTER having come before the Court for hearing pursuant to the motion by the Debtors for substitution of collateral and for attorney fees; and all interested parties having received proper notice of the hearing, at the hearing, Edward C. Boltz, Esq. appeared on behalf of the Debtors; Kim Steffan, Esq. appeared on behalf of Durham Auto Mart; and, Benjamin E. Lovell, Esq. appeared on behalf of the Standing Trustee; the Court hereby finds and concludes as follows:

FINDINGS OF FACT

1. The Debtors filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on August 25, 2009.

2. At the time the Debtors filed the Chapter 13 petition, the Debtors owned a 2004 Nissan Xterra on which Durham Auto Mart (hereinafter "the Creditor") held a valid first lien.

3. The Creditor is being paid through disbursements by the Trustee pursuant to the Confirmation Order in this case.

4. The 2004 Nissan Xterra was involved in an accident and was deemed a total loss.

5. The loss of the 2004 Nissan Xterra leaves the Debtors without reliable transportation and a vehicle is necessary to the Debtors' reorganization.

6. The vehicle was insured with Nationwide Insurance Company at the time of the accident.

7. The approximate balance owed to the Creditor on its secured claim is $7,928.69.

8. Nationwide Insurance Company is holding the insurance proceeds of $10,591.63.

9. The Debtors' request for substitution of collateral would not cause undue hardship upon the Creditor and replacement of the collateral would not adversely affect the Creditor's secured claim in this case.

10. To allow the Creditor to retain the insurance proceeds as a result of this accident would seriously jeopardize the Debtors' reorganization and would place the Creditor in a position of being paid early at the expense of the Debtors' reorganization.

11. The Creditor should be required to forward the clear title to the vehicle to Nationwide Insurance Company upon written notification from the Debtors' attorney that the insurance proceeds have been received by the Debtors' attorney.

12. The Debtors incurred reasonable and necessary attorney fees in the prosecution of this Motion.

BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. The loss of the 2004 Nissan Xterra leaves the Debtors without reliable transportation necessary for reorganization.

BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS ORDERED AS FOLLOWS:

1. The Debtors are allowed to substitute collateral, as a result of which the Creditor will release its lien on the 2004 Nissan Xterra and obtain a first lien upon the replacement vehicle.

2. The replacement vehicle chosen by the Debtors must be mutually acceptable to the Debtors and the Creditor and must be comparable in value to the 2004 Nissan Xterra. Prompt consent (within twenty-four hours) shall not be unreasonably withheld or delayed by the Creditor.

3. The insurance proceeds from the 2004 Nissan Xterra shall be paid by the insurance company forthwith to the trust account of the Debtors' attorney, to be held by the attorney and released to the seller of the replacement vehicle only under such circumstances that the Creditor is entered as the first lienholder on the title to the replacement vehicle.

4. The Debtors' attorney shall upon receipt of the insurance proceeds immediately provide written notification to the Creditor that the insurance proceeds have been received and that the clear title to the vehicle should be immediately turned over to the insurance company.

5. The Creditor is required to immediately forward the clear certificate of title to the insurance company upon notification by the Debtors' attorney that the insurance proceeds have been received.

6. Any insurance proceeds not used for the purchase of the replacement vehicle shall be delivered by the Debtors' attorney to the Trustee for disbursement on the Creditor's secured claim.

7. The Debtors' attorney is allowed the presumptive fee of $450.00 for services in connection with this motion, to be paid through disbursements by the Trustee.

**PARTIES IN INTEREST**
**Page 1 of 1**
**09-81446 C-13D**

Demitric Andre
LaNita J. Martin
614 Magna Dr.
Durham, NC 27703

John T. Orcutt, Esq.
6616-203 Six Forks Rd.
Raleigh, NC 27615

Richard M. Hutson, II
Standing Trustee
PO Box 3613
Durham, NC 27702

Durham Auto Mart
3700 Hillsborough Rd.
Durham, NC 27705

Nationwide
Attn: Jim Sullivan
One Nationwide Plaza
Columbus, OH 43251